UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


RAYMOND D. HARRINGTON,

    Plaintiff,

    v.                                          Case No. 2:20-cv-16
                                                   Judge Sarah D. Morrison
                                                   Magistrate Judge Chelsey M. Vascura

MARATHON PETROLEUM
CORP., *et al.*,

    Defendants.


## ORDER and REPORT AND RECOMMENDATION

    Plaintiff, Raymond D. Harrington, an Ohio resident proceeding without the assistance of counsel, has submitted a request to file a civil action *in forma pauperis*. (ECF No. 1.) The Court **GRANTS** Plaintiff's request to proceed *in forma pauperis*. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a).

    This matter is also before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. § 1915(e) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e). Having performed the initial screen, for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** this action pursuant to 28 U.S.C. § 1915(e).

**I.**

    Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).

In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e), which provides in pertinent part as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
>     \*    \*    \*
>
> (B) the action or appeal--
>
>     (i) is frivolous or malicious;
>
>     (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

Further, to properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd*., *P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause

of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank* , 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cty. Sheriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

## II.

Plaintiff's Complaint is difficult to decipher. The exhibits he attaches, which he appears to incorporate by reference, *see* Compl., ECF No. 1-1 at PAGEID # 6 ("I . . . [am] asking US Courts and Judge to take consideration of all my legal notes documents which in my copys [sic]!"), shed some light on his allegations and the claims he seeks to advance.

Plaintiff names a sole defendant, "Marathon Petroleum Corporation Speedway LLC." (*Id.* at PAGEID # 5.) As best as the Court can discern, on May 14, 2019, an employee of a

3

Speedway store asked Plaintiff to leave the store because she confused him with an individual who was barred from patronizing that location for shoplifting.

The exhibits Plaintiff attaches to his Complaint reveal that both he and the Speedway employee who mistook him for someone who had previously shoplifted are African American. (ECF No. 1-2 at PAGEID ## 8, 12.) Plaintiff's complaints of the incident prompted Speedway to investigate. As a result of the investigation, the Speedway employee who asked Plaintiff to leave the store "was given a verbal warning for discourtesy to a customer" and "instructed that only management could order a customer to leave the store . . . ." (*Id*. at PAGEID ## 12-13.)

Plaintiff acknowledges that it was a "mistaken profile," but maintains that the store employee engaged in "racial profiling" and "[humiliated him] in front of everybody in [the] Speedway store." (*Id*. at PAGEID # 6.) Plaintiff states he suffered mental distress as a result of this incident and that he does not accept Speedway's apology. Plaintiff seeks $60,000 in damages.

### III.

The undersigned construes Plaintiff's Complaint as alleging that he was discriminated against on the basis of his race in a place of public accommodation. Although federal law prohibits intentional racial discrimination by both public and private actors in the context of contractual relationships, 42 U.S.C. § 1981, Plaintiff's Complaint fails to state a such a claim for relief.[1]

---

[1] Title II claims under 42 U.S.C. § 2000a(a) are subject to the same analysis as discrimination claims under 42 U.S.C. § 1981. *Lizardo v. Denny's, Inc*., 270 F.3d 94, 104–06 (2d Cir. 2001). However, Title II provides only for injunctive relief, not damages, *see* 42 U.S.C. § 2000a-3(a), and Plaintiff seeks only monetary damages.

The United States Court of Appeals for the Sixth Circuit has adopted the following three-part *prima facie* test for "evaluating claims of race discrimination in the commercial establishment context":

(1) plaintiff is a member of a protected class;

(2) plaintiff sought to make or enforce a contract for services ordinarily provided by the defendant; and

(3) plaintiff was denied the right to enter into or enjoy the benefits or privileges of the contractual relationship in that (a) plaintiff was deprived of services while similarly situated persons outside the protected class were not and/or (b) plaintiff received services in a markedly hostile manner and in a manner which a reasonable person would find objectively discriminatory.

*Christian v. Wal–Mart Stores, Inc.*, 252 F.3d 862, 872 (6th Cir. 2001).

Applied here, the undersigned concludes that Plaintiff has failed to plausibly allege that he was intentionally discriminated against on the basis of race in a place of public accommodation in violation of § 1981. Rather, Plaintiff makes only a vague allegation that he was "racially profiled." Although his Complaint does not identify him as a member of a protected class, review of the exhibits he attaches to the Complaint reveal that he, like the Speedway employee who asked him to leave the store, is African American. Even assuming Plaintiff has sufficiently alleged the first two requirements of the *prima facie* test for a § 1981 claim, his claim nevertheless fails because he has not plausibly alleged that he was denied services while similarly situated persons outside his protected class were not. Nor has Plaintiff set forth allegations upon which the Court could rely to conclude that Defendant acted based upon Plaintiff's race. *See*, *e.g.*, *Dukes v. Interstate Reality Mgmt. Co.*, No. 8;19-cv-63-T-36SPF, 2019 WL 2124976, at *4 n.1 (M.D. Fla. Apr. 25, 2019) (dismissing § 1981 claim under § 1915(e), reasoning "bare allegation that [employee] racially profiled" the plaintiff "fails to set forth sufficient factual allegations to state a claim for relief under section 1981"); *Gant v. Wal-*

*Mart*, No. 3:12-cv-581, 2012 WL 2344637, at *2 (M.D. Tenn. June 20, 2012) (dismissing § 1981 claim pursuant to § 1915(e) where the plaintiff made only a "passing reference to 'racial profiling'"). Indeed, Plaintiff concession that the Speedway employee mistook him for a shoplifter, an allegation corroborated by the exhibits to the Complaint (which Plaintiff incorporates by reference), belies any such inference of discriminatory intent. *Cf. Moore v. Horseshoe Casino*, No. 1:15-cv-471, 2015 WL 4743804, at *6 (N.D. Ohio Aug. 11, 2015) (dismissing § 1981 claim under § 1915(e), explaining that "[w]hile being asked to leave the Casino was understandably embarrassing for the [p]laintiff, he does not allege facts to reasonably suggest the actions of the security personnel were racially motivated").

Because Plaintiff has failed to plausibly allege a claim of intentional race discrimination under § 1981, it is **RECOMMENDED** that this action be dismissed pursuant to 28 U.S.C. § 1915(e)(2).

## IV.

Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* (ECF No. 1) is **GRANTED**. In addition, for the reasons set forth above, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2).

## **PROCEDURE ON OBJECTIONS**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further

evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

<u>/s/ *Chelsey M. Vascura*</u>
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE